## Mary L. Stafford, Appellant, v. Richard G. Devereux.

*Contract—Evidence—Question for jury.*

In an action by a sister against a brother for board, where the evidence for plaintiff, although contradicted, tends to show that plaintiff and defendant lived with their sisters in a house left by their parents as a common home, and that it was understood among all parties that an agreement for board, so far as it related to defendant, would be fully complied with by the performance of services about the house, and that he fully performed the services, the case is for the jury, and a verdict and judgment for defendant will be sustained.

Argued Jan. 17, 1895. Appeal, No. 102, July T., 1894, by plaintiff, from judgment of C. P. No. 2, Philadelphia County, Dec. T., 1889, No. 526, on verdict for defendant. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit to recover board alleged to be due under an agreement in writing. Before JENKINS, J.

At the trial it appeared that plaintiff and defendant lived with their sisters in a house left by their parents as a common home. The agreement upon which suit was brought was as follows:

"This agreement of lease, made this twelfth day of July, 1886, between Richard G. Devereux, Helen Devereux, Anna F. Devereux and Mary L. Devereux, co-heirs of Mary Coats Devereux, deceased, on the one part, and Mary L. Devereux, on her own behalf, on the other part: Witnesseth, that the party of the second part agrees to lease from the parties of the first part all that certain tenement belonging to the parties of the first part, situate at No. 313 Pine street, in the city of Philadelphia, on the terms and conditions as follows: The yearly rental to be the sum of three hundred and sixty-five dollars payable as follows: The sum of two hundred and fifty dollars to be applied to the payment of the interest on the mortgage held by the Philadelphia Saving Fund Society in semi-annual payments on the thirteenth days of January and July, the balance to be applied to the payment of the taxes

and water rent. The necessary repairs to be paid by the parties of the first part, share and share alike.

" Any of the parties of the first part remaining on the premises agree to pay to the party of the second part such amount of board as may be mutually agreed upon, which is hereby fixed at the sum of two dollars and fifty cents."

Defendant offered evidence which tended to show that it was understood among the parties that defendant was to do certain services about the house in return for his board, and that his part of the agreement would be fully complied with by his performance of such services. He also offered evidence to show that such services had been performed.

The court charged in part as follows :

" [It is alleged upon the part of the plaintiff that her brother, who was living in the house, was to pay her $2.50 according to the contract. That is what the contract says; but all the other people to the contract agree that as to Richard he was not to pay the $2.50 ; that he did chores about the house.] [3] [In fact there has not been a witness upon the stand but what admits that he did something. Even the plaintiff herself says so ; and the washerwoman thought that she had a right, or at least thought that she was not transcending her power when she suggested to him that he might bring up coal. These things are straws which show which way the wind blows, and are proper to be considered by you in coming to a conclusion. That same good woman said that he complained when he had to answer the bell, which would seem to my mind to carry the idea that it was somewhat incumbent upon him to answer the door bell. This washerwoman, who was there as general house cleaner, testifies as to many other things ; she says that when she went there in the mornings she would find the fires made ; she did not know who did it; the defendant says he did it and the plaintiff herself says that sometimes he did it. The other sisters who were living in the house say that he always did it, and that he acted the part of, perhaps, waitress and chambermaid around that house. It is for you to determine whether he has shown to you that that is what he did do, and that in consideration of those services he was not to pay any board. If you find that that is true, your verdict ought to be for the defendant.] [4] If you find it is not true, your verdict ought to be

for the plaintiff. The plaintiff cannot claim any more than for six years prior to the commencement of this suit, which was in January, 1890, if you should find for her."

Plaintiff's point was among others, as follows:

" 4. If the jury believe that the defendant's alleged services were rendered to plaintiff without the expectation of compensation therefor at the time the services were rendered, the defendant cannot now legally claim compensation therefor. *Answer :* I affirm that point, and in affirming that point I may say it cuts both ways; that if board was furnished under those terms, the plaintiff cannot claim board." [1]

Defendant's point was among others as follows:

" 1. If the jury believe that the plaintiff and defendant lived with their sisters in the house left by their parents as a common home, and that it was understood between all parties that the agreement, so far as it relates to the defendant, would be fully complied with by the performance of services about the house, and that he fully performed the services agreed to be performed by him, the plaintiff cannot recover." Affirmed. [2]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1–4) above instructions; (5–10) admission of evidence as to performance of services by defendant; quoting instructions, bills of exceptions and evidence.

*A. E. Stockwell,* for appellant, cited: Mayfaith's Ap., 2 Atl. R. 28; Picken's Est., 14 W. N. 407 ; Miller's Ap., 100 Pa. 568 ; Jones v. Woods, 76 Pa. 408; Wodock v. Robinson, 148 Pa. 503; Bowman v. Tagg, 19 W. N. 147; Thorne v. Warfflein, 100 Pa. 519; Martin v. Berens, 67 Pa. 459; Jackson v. Clymer, 43 Pa. 79; Archer v. Dunn, 2 W. & S. 327; McDowell v. Tyson, 14 S. & R. 299.

*N. Dubois Miller,* for appellee, cited: Montz v. Morris, 89 Pa. 392.

PER CURIAM, Jan. 28, 1895:

There is nothing in either of the ten specifications of error that requires a reversal of the judgment. Plaintiff's case ·depended on questions of fact, as to which there was such con-

flict of testimony as necessarily carried the case to the jury. Their verdict in favor of the defendant implies a finding of controlling facts against the plaintiff.

Judgment affirmed.